68 F.3d 481
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Guadalupe CARBAJAL-CEJA, Defendant-Appellant.
 No. 95-50168.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 11, 1995.*
Decided Oct. 20, 1995.
 
 Before: BEEZER, THOMPSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Guadalupe Carbajal-Ceja appeals his conviction following entry of a guilty plea to possession with intent to distribute a controlled substance, in violation of 21 U.S.C. Sec. 841(a)(1), and conspiracy, in violation of 21 U.S.C. Secs. 846 and 841(a)(1). Carbajal-Ceja contends that the district court erred by denying his motion to withdraw his guilty plea and by refusing to depart downward from the guidelines range. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review for abuse of discretion a district court's denial of a motion to withdraw a guilty plea. United States v. Albers, 56 F.3d 1106, 1111 (9th Cir. 1995). A district court may permit a guilty plea to be withdrawn for any fair and just reason. Fed. R. Crim. P. 32(d) (1994); United States v. Sigorni, 844 F.2d 635, 637 (9th Cir. 1988). "It is well established that a defendant has no right to withdraw his guilty plea, and that a withdrawal motion is committed to the sound discretion of the district court. Moreover, although a motion to withdraw a guilty plea should be freely allowed, the defendant has the burden on appeal to show that the district court abused its discretion in denying the motion." Id. at 637 (citations omitted).
 
 
 4
 Carbajal-Ceja pleaded guilty on June 13, 1994, at which time he expressed his understanding that all agreements and promises regarding sentencing were incorporated within the plea agreement. On April 3, 1995, the court conducted a hearing on Carbajal-Ceja's motion to withdraw his plea. In support of his motion, Carbajal-Ceja claimed that he had entered his plea based on the government's assurances that it was dealing with him in good faith and that he would likely merit a downward departure pursuant to U.S.S.G. Sec. 5K1.1 if he provided substantial assistance to the government.
 
 
 5
 In denying the motion, the district court noted that it had informed Carbajal-Ceja of the maximum ten-year sentence, and ensured that Carbajal-Ceja had discussed the application of the sentencing guidelines with his attorney. In addition, Carbajal-Ceja acknowledged that the charge had been explained to him, that he understood the nature of the elements of the crime, and that he agreed with the government's factual basis for the charge. Finally, Carbajal-Ceja assured the court that no promises had been made to him other than what appeared in the plea agreement.
 
 
 6
 The district court was entitled to believe Carbajal-Ceja's testimony at the plea hearing, and to disbelieve the allegations in the declaration in support of the motion to withdraw the plea. See United States v. Hoyos, 892 F.2d 1387, 1400 (9th Cir. 1989), cert. denied, 498 U.S. 825 (1990). Under these circumstances, we cannot say that the district court abused its discretion by declining to withdraw Carbajal-Ceja's guilty plea. See id.; see also United States v. Zweber, 913 F.2d 705, 711 (9th Cir. 1990).
 
 
 7
 Carbajal-Ceja next contends that the district court erred by refusing to depart downwards based on substantial assistance to authorities and aberrant behavior. We lack jurisdiction to reach the merits of Carbajal-Ceja's argument because he waived his right to appeal his sentence as long as it was within the range contemplated under the terms of the plea agreement. See United States v. Bolinger, 940 F.2d 478, 480 (9th Cir. 1991).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3